# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DAVID A JOHNSON | CIVIL ACTION NO. 17-0900 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Rule 56 Motion for Summary Judgment (Record Document 20) filed by Defendants, the City of Shreveport ("the City"), Officer Anthony Haines ("Officer Haines"), and Corporal Hai Phan's ("Cpl. Phan"). Defendants seek dismissal of all of Plaintiff, David A. Johnson's ("Johnson") claims. For the reasons stated in the instant Memorandum Ruling, Defendants' Motion for Summary Judgment is hereby **GRANTED**, and all of Johnson's claims are **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

On February 22, 2017, Johnson consumed one bottle of malt liquor and fell asleep around 11:00 p.m. See Record Document 20-2 at 28, Deposition of David A. Johnson, Exhibit C. In the early morning hours of February 23rd, Johnson received a phone call from a friend requesting to be picked up and taken to an acquaintance's home on Poland Street. See id. at 29. Subsequent to dropping his friend off around 4:00 a.m., Johnson waited in his car. See id. at 31-32. Soon thereafter, Johnson saw Cpl. Phan and Officer Haines (sometimes collectively referred to as "the Defendant Officers") approaching the intersection of Poland and Pierre Streets. See id. Cpl. Phan and Officer Haines had been

dispatched for a report of gunshots fired in the area. See Record Document 20-2 at 17, Court Appearance of Officer Phan, Exhibit B.

In response to the police presence, Johnson drove westward on Poland Street without any of his vehicle's headlights on. See Exhibit B at 18; see Exhibit C at 32; see Exhibit A-2, Officer Haines' Video, Camera 1.[1] Cpl. Phan pulled Johnson over following a near-miss encounter with Officer Haines' police vehicle. See Exhibit B at 18; Exhibit A-2, Officer Haines' Video, Camera 1; Exhibit A-2, Cpl. Phan's Video, Camera 1. Upon successfully stopping Johnson, Officer Haines ordered Johnson to step outside of his vehicle. See Exhibit B at 23; Exhibit A-2, Officer Haines' Video, Camera 1. Johnson lit a cigarette and began smoking while exiting the car. See Exhibit B at 23; see Exhibit A-2, Officer Haines' Video, Camera 1. Officer Haines ordered Johnson to put the cigarette out, get on the ground, and spread his arms outward. See id. Johnson laid down facing the ground, but his upper body was supported by his crossed arms and elbows as he continued to smoke. See Record Document 20-2 at 4 ¶ 7, Affidavit of Officer Anthony Haines, Exhibit A; Exhibit A-2, Officer Haines' Video, Camera 1; Exhibit B at 23. Officer Haines contacted Johnson with his boot twice to move his arms out from beneath his body. See Exhibit A at 4 ¶ 8; Exhibit C at 35-36. Once Johnson's body lay flat on the ground, Cpl. Phan was able to handcuff Johnson and safely search him for weapons. See Exhibit A at 4, ¶ 8; Exhibit A-2, Officer Haines' Video, Camera 1; Exhibit A-2, Cpl. Phan's Video, Camera 1. Johnson sustained a bruised chest and a busted lip as a result of the encounter. See Record Document 1 at ¶ 19; Exhibit C at 36, 37.

---

[1] The Defendant Officers' videos are sourced from a dash cam mounted inside their patrol cars, not a body camera.

During the traffic stop, Cpl. Phan detected a strong scent of alcohol on Johnson's breath, as well as slurred speech and glossy, red eyes. See Exhibit B at p. 20; Record Document 20-2 at p. 11, Arrest Report, Exhibit A-1. Cpl. Phan asked Johnson if he would submit to a field sobriety test, but Johnson refused all tests. See Exhibit B at p. 21; Exhibit A-1 at 11. In response to Johnson's refusal, Cpl. Phan called the DWI unit to transport Johnson back to the police station. See id. Johnson was arrested and charged with driving without headlights, reckless operation of a vehicle, and DWI. See Record Document 23-1, Exhibit B, Uniform DWI Arrest Citation. However, Johnson was found not guilty of DWI and reckless operation of a vehicle. See Record Document 23-2, Exhibit C, Report of Court Proceedings.

On July 11, 2017, Johnson filed the present action, alleging that his constitutional rights have been violated pursuant to 42 U.S.C. § 1983. Specifically, Johnson asserts claims for excessive force, failure to intervene, substantive due process, failure to provide medical treatment, and conspiracy to commit constitutional violations. Johnson has also alleged several state law claims. In response, Defendants have submitted a Motion for Summary Judgment (Record Document 20) under Rule 56 of the Federal Rules of Civil Procedure, which is now ripe for review.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This rule provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "a party asserting that a fact cannot be

or is genuinely disputed must support the motion by citing to particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." Fed. R. Civ. P. 56(e)(3).

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations and citations omitted). If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See id. at 325, 106 S. Ct. at 2554; see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075. Additionally, in deciding a summary judgment motion, courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts." Id. Courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id. Rule 56 states that "a party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular materials in the record,

including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."

Ordinarily, when considering motions for summary judgment, the court must construe all facts and inferences in the light most favorable to the nonmovant. See Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005). However, the Court should not consider a nonmovant's testimony where such testimony is blatantly contradicted by the record. See Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adapt that version of the facts for purposes of ruling on a motion for summary judgment."). Finally, when there is video evidence available in the record, the court is not bound to adopt the nonmoving party's version of the facts if it is contradicted by the record, but should rather "review[ ] the facts in the light depicted by the videotape." Id. at 381, 127 S. Ct. at 1776; see also Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011) ("Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene").

**B.      Excessive Force Claim against the Defendant Officers.**

To state a claim under Section 1983 for violation of the Fourth Amendment's prohibition on excessive force, a plaintiff must establish (1) an injury that (2) resulted directly and only from use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable. See Bush v. Strain, 513 F.3d 492, 502 (5th Cir. 2008). When undergoing an arrest or investigatory stop, police officers have the necessary "right

to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872 (1989). Determining the reasonableness of the officer's use of force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396, 109 S.Ct. at 1872.

Johnson fails to raise a genuine dispute of material fact as to all three elements of an excessive force claim. First, although the Supreme Court has held that injury from excessive force no longer must be "significant" or "serious," Johnson's alleged injuries are *de minimis* and do not give rise to a constitutional violation. See Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S. Ct. 995, 1000-01 (1992) (recognizing that "*de minimis* uses of physical forces are insufficient to establish a constitutional violation); see also Houston-Hines v. Houston Indep. Sch. Dist., No. Civ.A. H-04-3539, 2006 WL 870459, *5 (S.D. Tex. April 5, 2006) (scratches, bruises, and soreness were found to be *de minimis* injuries insufficient to raise a genuine issue of material fact to show a violation of the Fourth Amendment right to be free from the use of excessive force); Nowell v. Acadian Ambulance Serv., 147 F.Supp. 2d 495, 510 (W.D. LA 2001) (abrasions on the inside of the plaintiff's mouth and facial bruising were determined to be *de minimis* injuries). In response to Defendants' Motion for Summary Judgment, Johnson has not offered any medical records containing official diagnoses of injuries that were anything more than *de minimis*. Accordingly, Johnson has failed to offer evidence to raise a genuine dispute of material fact as to the injury element of an excessive force claim.

However, even assuming *arguendo* that Johnson offered competent summary judgment evidence that raised a genuine dispute of material fact as to the injury element, he failed to offer evidence that the Defendant Officers' use of force was more excessive to the need. Johnson was pulled over after driving recklessly without headlights and nearly hitting Officer Haines' patrol car. See Exhibit B at 18-19; Exhibit A-2, Officer Haines' Video, Camera One. Furthermore, Johnson refused to comply with the Defendant Officers' orders to lie on the ground and instead propped himself up to smoke a cigarette. Johnson admits that he did not comply with the orders to put out the cigarette, stating that he "[took] one last huff before [he] complied with them." Exhibit C, David Johnson Deposition, at 20. The Defendant Officers, who were dispatched to Poland Street in response to gunshots fired in the area, were uncertain if Johnson was armed and dangerous. Johnson alleges that Officer Haines kicked him in his chest twice (see Exhibit C at 35), yet video evidence clearly shows that Officer Haines did not kick Johnson in his chest. See Exhibit A-2, Officer Haines' Video, Camera One. Officer Haines put forth the appropriate measures to apprehend Johnson for the purposes of securing the crime scene and assuring the safety of himself, other officers, and innocent bystanders. All injuries that may have occurred from the officers' investigation were constitutionally permissible within the confines of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872 (1989) ("[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers…violates the Fourth Amendment"). Johnson's testimony that he was kicked in the chest cannot be accepted as fact, as it blatantly contradicts the record. See Scott, 550 U.S. at 380, 127 S.Ct. at 776.

Finally, Johnson has failed to raise a genuine dispute of material fact concerning the objective reasonableness of the Defendant Officers' use of force. In light of the specific facts, the Defendant Officers' actions were objectively reasonable when considering Johnson's failure to comply with their orders, as well as his refusal to lay his chest down on the ground. Officer Haines made contact with Johnson with his boot twice, once in each arm, with the purpose of spreading his arms out to be handcuffed and searched. Without this contact, the officers could not have ensured their safety in securing Johnson and determining whether he was armed. Furthermore, Johnson's claim that the Defendant Officers' conduct was "undertaken with malice, willfulness, and reckless indifference to [Johnson's] constitutional rights" (Record Document 1 at ¶ 25) is irrelevant because Defendant Officers' actions are analyzed "without regard to their underlying intent or motivation." Graham, 490 U.S. at 397, 109 S.Ct. 1865 at 1872. Therefore, based on the foregoing analysis, Johnson's excessive force claim against the Defendant Officers is **DISMISSED** in its entirety.

### C. Failure to Intervene Claim against the Defendant Officers.

Johnson also asserts claims against the Defendant Officers for allegedly failing to intervene to prevent the use of excessive force. Generally, to prevail on a failure to intervene/bystander liability claim against a police officer, a plaintiff must prove that the defendant officer: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) is present at the scene of the constitutional violation; (3) has a reasonable opportunity to prevent the harm; and (4) chooses not to act. Whitley v. Hanna, 726 F.3d 631, 646 (5th Cir. 2013). When the alleged constitutional violation by the other officer is excessive force, important considerations in deciding whether these elements are met

include whether the defendant officer (1) observed the use of the alleged excessive force or (2) had sufficient time to prevent the use of excessive force. See Tufaro v. City of New Orleans, No. Civ. 03-1429, 2004 WL 1920937 at *4, n. 20 (E.D. La. 2004) (citing Lanigan v. Vill. Of E. Hazel Crest, 110 F.3d 467, 477 (7th Cir. 1997)).

As indicated *supra*, Johnson has failed to raise a genuine dispute of material fact as to all three elements of his excessive force claim. Therefore, he has failed to establish a violation of his constitutional right to be free from excessive force. Accordingly, Johnson's failure to intervene claim against the Defendant Officers must also be **DISMISSED**, as there was no underlying constitutional violation in this encounter.

**D.    Substantive Due Process Claim against the Defendant Officers.**

Count Three of Johnson's Complaint asserts that the Defendant Officers' behavior deprived Johnson of due process in violation of the Fourteenth Amendment to the United States Constitution. See Record Document 1 at ¶ 36. Excessive force claims for substantive due process are analyzed under the standards of the Fourteenth Amendment. See Graham, 490 U.S. at 395, 109 S.Ct. at 1871; see also Petta v. Rivera, 143 F.3d 895, 900 (5th Cir. 2010) ("Graham v. Connor simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision"). In determining whether an officer's force constitutes as excessive under the Fourteenth Amendment, the threshold question is whether behavior of a governmental officer is so egregious and outrageous that it may be said to "shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1717 (1998).

It is not necessary for the Court to address whether the Defendant Officers' conduct meets the high requirements of shocking the contemporary conscience. Substantive due process analysis is appropriate only if the respondent's claim is not "covered by" the Fourth Amendment. See id. at 842, 118 S.Ct. at 1715. Johnson has not met his burden to go beyond the pleadings and designate specific facts indicating that the officers' behavior was outside the scope of an intentional governmental seizure. See Pleasant v. Zamieski, 895 F.2d 272, 276, n. 2 (6th Cir. 1990) (noting that Graham "preserve[s] fourteenth amendment substantive due process analysis for those instances in which a free citizen is denied his or her constitutional right to life through means other than a law enforcement official's arrest, investigatory stop, or other seizure"). There is no competent summary judgment evidence to raise a genuine dispute of material fact on this issue; thus, Johnson's substantive due process claim under the Fourteenth Amendment is **DISMISSED**.

E. **Failure to Provide Medical Treatment Claim against the Defendant Officers.**

A pretrial detainee's claim of unconstitutional conditions are governed by the Fourteenth Amendment, rather than the Eighth Amendment, because a pretrial detainee has not been convicted of a crime, and is incapable of being punished cruelly or unusually. See Darnell v. Pineiro, 849 F.3d 17, 29 (2nd Cir. 2017). A detainee has the constitutional due process right not to be deprived of his serious medical needs by deliberate indifference on the part of confining officials. See Thompson v. Upshur County, TX, 245 F.3d 447, 457 (5th Cir. 2001). Deliberate indifference "is an extremely high standard to meet" and occurs only where the official both knew of and disregarded an excessive risk of serious bodily harm. Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 755 (5th

Cir. 2001). In a claim for failure to provide reasonable medical care, a plaintiff must prove that "1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm to occur." See Thompson, 849 F.3d at 458-459. "The underlying purpose of requiring a state jail official to provide medical care to a pretrial detainee is to prevent the detainee from suffering further physical pain or harm." Hare v. City of Corinth, Miss., 74 F.3d 633, 644 (5th Cir. 1996).

In the instant case, Johnson's Complaint alleges that the Defendant Officers denied his repeated request for a blood test. See Record Document 1 at ¶¶ 18-19. However, a blood test was not necessary to treat the *de minimis* injuries suffered by Johnson. Furthermore, the Court does not find Johnson's bruised chest and busted lip to be serious medical needs capable of causing further harm. See Thompson, 245 F.3d 447 at 457 (finding that delirium tremens is a serious medical need); see also Domino, 239 F.3d at 754 (finding that bipolar disorder, major depression, and suicidal tendencies to be serious medical needs). The Complaint alleges that Johnson suffered additional damages from the Defendant Officers' failure to provide medical care, yet Johnson admits "[e]verything healed on its own, just a matter of time." See Exhibit C, David Johnson Deposition at 22. Therefore, the Court finds Johnson has failed to provide competent summary judgment evidence that a substantial risk of serious bodily harm was present at any time during his arrest and detention at the Shreveport City Jail. Thus, Johnson's claim for failure to provide medical treatment is **DISMISSED**.

### F. Conspiracy to Commit Constitutional Violations Claim against the Defendant Officers.

A Section 1983 claim for conspiracy is not actionable unless a constitutional violation has taken place. See Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1999). "In order to prevail on a Section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Id. at 1187.

Johnson has failed to provide any evidence or supporting documentation demonstrating that the Defendant Officers conspired to not report each other after allegedly using excessive force. Officer Haines' arrest report specifically documents using his foot to push Johnson's arms out from beneath him, a fact that is corroborated by the video evidence of the encounter. See Record Document 20-2 at 2, Exhibit A-1, Arrest Report; see also Exhibit A-2, Officer Haines' Video, Camera 1. As indicated *supra*, the force used by the Defendant Officers was constitutionally permissible in light of Johnson's failure to comply with their orders to lay down on the ground. Therefore, there is no actionable claim present for conspiracy. Accordingly, Johnson's conspiracy claim fails and is hereby **DISMISSED**.

### G. State Law Claim for Assault and Battery Against the Defendant Officers.

Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. See La. Rev. Stat. §14:36. Battery is an intentional harmful or offensive contact with another person. See La. Rev. Stat. §14:33. "In assault and battery cases, the plaintiff has the same general burden of proof which any plaintiff has in a tort or damage suit." Douget v. Johnson, 463 So. 2d 64, 66

(La. App. 3d Cir. 1985). "Under Louisiana law, the torts of assault and battery, when raised against a law enforcement officer acting in the course of employment, require a showing that the law enforcement officer acted with unreasonable or excessive force." Wagster v. Gautreaux, No. 12-00011, 2013 WL 6194516, *15 (M.D. La. 11/26/13). "In the absence of the use of excessive force, a law enforcement officer cannot be held liable for assault and battery if the assault and battery occurred during a lawful arrest." Id.

For the reasons stated *supra*, Johnson's has failed to offer evidence that would raise a genuine dispute of material fact that he was a victim of excessive force. Furthermore, the arrest of Johnson was lawful. Accordingly, the state law claims of assault and battery are **DISMISSED**.

**H.     State Law Claim for Vicarious Liability against the City.**

Count Seven of Johnson's complaint alleges *respondeat superior*, a doctrine more commonly referred to as vicarious liability, codified in La. Civ. Code art. 2320. Article 2320 states, "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." "Under Louisiana law, an employer is liable for the tortious acts of an employee if the employee's actions were within the course and scope of his employment." Roberts v. City of Shreveport, No. 05-31135, 2007 WL 486768 at *1 (W.D.La. Feb. 9, 2007) (citing LeBrane v. Lewis, 292 So.2d 216, 217-18 (La. 1974)).

The City cannot be vicariously liable for the Defendant Officers' non-tortious actions. The Defendant Officers' behavior was objectively reasonable within the course and scope of their duty, especially when considering Johnson's refusal to obey the

officers' orders. Therefore, Johnson's vicarious liability claim against the City is **DISMISSED**.

### I. Analysis of State Law Claim for Indemnification against Defendant Officers.

Johnson's indemnity claim does not reference a contractual right to indemnification. Instead, he emphasizes "tort judgment" and "misconduct" of the Defendant Officers. Presumably, Johnson is claiming a right to indemnification under a tort-indemnity theory. See LeJeune v. Highlands Ins. Co., 287 So.2d 531, 533 (3d Cir. 1973).[2] "As the doctrine exists in Louisiana, the right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault." Id. at 533 (citing Hebert v. Blankenship, 187 So.2d 798, 803 (La. App. 3 Cir. 1966).

The Court finds that the summary judgment record does not support any claim for indemnification under a tort-indemnity theory. As stated previously, this Court has found no violation of constitutional right and no vicarious liability. Simply put, there is no genuine dispute of material fact as to whether the Defendant Officers acted as tortfeasors rendering them or the City liable for damages. Thus, Johnson's state law claim for indemnification is **DISMISSED**.

---

[2]The Court is not entirely certain from the Complaint that Johnson sought to use the Defendant Officers' actions as the basis for an indemnification claim, as indemnity has little relevance to the facts of this case. However, in keeping with the requirements that the Court construe all facts and inferences in the light most favorable to the non-movant, the Court will treat this as Johnson's attempt to allege a state tort indemnification claim.

**CONCLUSION**

Based on the foregoing analysis, Defendants' Rule 56 Motion for Summary Judgment (Record Document 20) is **GRANTED**. All of Johnson's claims are hereby **DISMISSED WITH PREJUDICE**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 10th day of August, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT